UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**REGINA NACHAEL HOWELL FOSTER,**

   Appellant,

v.                                                   No. 4:20-cv-1277-P

**AREYA HOLDER AURZADA ET AL.,**

   Appellees.

## MEMORANDUM OPINION & ORDER

Before the Court is Appellant Regina Nachael Howell Foster's ("Foster") Brief (ECF No. 10); Appellees Areya Holder Aurzada, SAI Reed Properties Inc., and Carlos Foster's (collectively, "Appellees") Response Brief (ECF No. 14); and Foster's Reply Brief (ECF No. 15). On appeal, Foster challenges the Bankruptcy Court's Order granting in part and denying in part Foster's Motion to Remand for Lack of Jurisdiction ("Order on Jurisdiction") and an Order denying Foster's Motion to Remand for Untimely Removal ("Order on Timeliness"). *See* ECF No. 7-2 at 324–27. Having considered the record on appeal, briefs, and applicable law, and finding no reversible error, the Court will **OVERRULE** Foster's issues on appeal and will **AFFIRM** the Bankruptcy Court's Orders on Jurisdiction and Timeliness.

## BACKGROUND

The arduous factual circumstances in this case need not be fully rehashed for the Court to resolve the current appeal, as the issues involved are jurisdictional and procedural in nature. The Court will thus provide only the facts pertinent to resolving this limited appeal.[1]

On November 7, 2019, Foster filed a Complaint in which she sued Areya Holder Aurzada ("Trustee"), Michelle Shriro, and the law firm of

---

[1] An exhaustive recitation of the factual background of this case may be found in the bankruptcy court's thorough Memorandum Opinion. *See* ECF No. 7-2 at 184–203.

Singer & Levick, PC (collectively, the "Removing Defendants"), along with Carlos Foster and SAI Reed Properties, Inc. ("SAI") in the 153rd Judicial District Court of Tarrant County, Texas. The Removing Defendants then removed the case to the Bankruptcy Court. Foster filed her Motion to Remand for Lack of Jurisdiction ("Jurisdictional Motion") and Motion to Remand for Untimely Removal ("Timeliness Motion") that together form the nucleus of this appeal. The Removing Defendants filed objections to both motions to remand, to which Foster replied.

On October 15, 2020, the Bankruptcy Court issued a Memorandum Opinion and entered the Order on Jurisdiction (ECF No. 7-2 at 324–25 and Order on Timeliness (ECF No. 7-2 at 326–27). On October 28, 2020, Foster moved the Bankruptcy Court to reconsider the Orders on Jurisdiction and Timeliness, which the Bankruptcy Court denied on November 9, 2020.

On November 23, 2020, Foster filed a notice of appeal, which was amended on November 30, 2020, challenging the Orders on Jurisdiction and Timeliness. This appeal is now fully briefed and ripe for review.

## ISSUES PRESENTED

In her initial Brief, Foster presented several statements of issues,[2] which the Court summarizes as follows:

<u>Issue No. 1</u>: Did the Bankruptcy Court err by denying in part the Jurisdictional Motion?

<u>Issue No. 2</u>: Did the Bankruptcy Court err by denying the Timeliness Motion?

## STANDARD OF REVIEW

When a district court reviews a Bankruptcy Court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954 F.2d

---

[2]In her initial appellate brief, Foster presented a total of five issues on appeal. The first three are different reasons Foster believes the bankruptcy court erred in denying her Jurisdictional Motion. The last two are reasons Foster believes the bankruptcy court erred in denying her Timeliness Motion. For the sake of judicial efficiency, the Court will address the first three issues together under Issue No. 1, and the last two issues together under Issue No. 2.

1102, 1104 (5th Cir. 1992). In reviewing conclusions of law on appeal, a *de novo* standard of review is applied. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993); *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). A Bankruptcy Court's findings of fact are subject to the clearly erroneous standard of review. *Young*, 995 F.2d at 548; *Allison*, 960 F.2d at 483. These findings are reversed only if, based on the entire body of evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.*

### ISSUE NO. 1

In the first issue, Foster contends that the Bankruptcy Court erred[3] by denying (in part) her Jurisdictional Motion. ECF No. 10. Foster argues the Bankruptcy Court erred by ruling that removal was supported by proper statutory and jurisdictional grounds, and by ruling that it had subject matter jurisdiction over the Complaint. Though the Foster's pro-se briefing is less than clear, it appears that she challenges the Order on Jurisdiction because: (1) the Bankruptcy Court declined to permit Foster to pursue actions against the Trustee, individually; (2) the removal was improperly based upon a federal defense, when Foster alleges that she raised pure state-law claims; and (3) the Bankruptcy Court misapplied the *Barton* doctrine. *Id.* at 12–13.

Appellees respond that the Bankruptcy Court correctly ruled that removal was proper on statutory and jurisdictional grounds, and the Bankruptcy Court has subject matter jurisdiction over the Complaint. Specifically, Appellees respond that Removing Defendants had the statutory right to remove to the Bankruptcy Court due to Foster's pending bankruptcy case. *See* ECF No. 14 at 16; citing 28 U.S.C. § 1452 ("[A] party may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending if the district court has jurisdiction of such claim or cause of action under Section 1334 of this title."). As the Response Brief points out, courts in this district have interpreted § 1452 to permit direct removal of a state court case to

---

[3]In her initial Brief, Foster incorrectly states that an abuse of discretion standard of review should apply. The Court will apply the appropriate standard articled above throughout this Order.

3

bankruptcy courts. ECF No. 10 (citing *In re Coastal Plains, Inc.*, 338 B.R. 703, 711 (N.D. Tex. 2006)).

Next, Foster argues that because she asserted only pursue state-law claims, the Bankruptcy Court lacked subject matter jurisdiction because no federal laws were implicated by the action. *Id*. Appellees counter that the issues Foster raised in her Complaint constitute "core proceedings" that are squarely within the Bankruptcy Court's subject matter jurisdiction. ECF No. 14. They argue that Foster's claims are so intertwined with the underlying bankruptcy dispute that "the events which form the substance of the claims would not have occurred absent the debtor's filing of her voluntary bankruptcy petition, which led to the Trustee's appointment and her retention of [the law firm defendants] in the bankruptcy dispute." *Id.* at 19.

As the Bankruptcy Court reasoned in its Memorandum Opinion, the Removing Defendants based their Notice of Removal on the bankruptcy subject matter jurisdictional provisions of 28 U.S.C. §§ 1334 and 157, rather than the federal-question provision of 28 U.S.C. § 1331. *See* ECF No. 7-2 at 180–219. That Memorandum Opinion provided a detailed analysis explaining the basis for the Bankruptcy Court's jurisdiction. Specifically, the Bankruptcy Court explained that the Complaint asserted claims against Appellants such that "the outcome of the litigation of such claim[s] could alter, positively or negatively, the Debtor's rights, liabilities, options, or freedom of action or could influence the administration of the Debtor's bankrupt estate." *Id.* at 209.

Foster's final argument on Issue No. 1 alleges that the Bankruptcy Court misapplied the *Barton* Doctrine by holding that the state court lacked jurisdiction over Foster's Complaint and by denying remand on that ground. In *Barton v. Barbour*, 104 U.S. 126 (1881), the Supreme Court held that before a plaintiff can sue a court-appointed receiver in a forum other than the appointing court, leave of the appointing court must be obtained. This principle applies to both bankruptcy trustees and court-approved professionals employed by a bankruptcy trustee. *See Carroll v. Abide*, 788 F.3d 502, 505 (5th Cir. 2015). That is, leave of the Bankruptcy Court must be obtained before suit may be commenced against any of these estate fiduciaries in a forum other than the

4

Bankruptcy Court for actions taken by them in performing their duties as estate fiduciaries. *See id.*

Here, the Court agrees with the Bankruptcy Court's reasoning that remand was not warranted due to Foster's violation of the *Barton* Doctrine. Foster did not obtain leave of court to pursue any of the claims against the Removing Defendants in state court. Because the assertion of these claims in State Court was unlawful and in violation of the *Barton* Doctrine, the claims cannot be properly adjudicated by a state court. Further, because Foster's allegations involve direct or indirect attacks on actions taken in the bankruptcy case, her claims do not involve pure state-law claims, contrary to Foster's argument. Rather, these claims necessarily implicate federal bankruptcy law. For the same reasons, Foster's claims against Removing Defendants involve core proceedings in both form and substance, as opposed to non-core proceedings.

After reviewing the record, the Court finds that the Bankruptcy Court carefully considered and weighed the relevant factors in denying Foster's Jurisdictional Motion. None of the Bankruptcy Court's findings in support of its decision are clearly erroneous; in fact, the Bankruptcy Court's Memorandum Opinion contains a detailed and correct explanation for denying that motion. Therefore, because the Court has no definite or firm conviction that the Bankruptcy Court erred, Foster's first issue on appeal is **OVERRULED.**

### ISSUE NO. 2

Foster's second issue argues that the Removing Defendants did not timely file their notice of removal, and so the Bankruptcy Court erred in denying her Timeliness Motion. Specifically, Foster (incorrectly) argues that that Notice of Removal was filed "32 days" after the complaint and summons were served and pertinent statute allows for only 30 days to remove. ECF No. 10. But, as the Bankruptcy Court held in the Order on Timeliness and the Response Brief notes, Foster miscalculates the date by which the Notice of Appeal must have been filed. Specifically, Foster improperly focused on the date of *mailing* as the triggering event when the correct deadline is instead calculated based on the date of *receipt*. *See* FED. R. BANKR. P. 9026(a)(3); *see also Barrackman v. Banister*, No.

5

CIV.A. H-06-3622, 2007 WL 189378, at *2 (S.D. Tex. Jan. 22, 2007); ECF No. 7-2 at 170–74. That is, actual notice is required. *Pete v. Capital One, N.A.*, No. 4:17-CV-594-A, 2017 WL 4083577, at *2 (N.D. Tex. Sept. 14, 2017). Because Removing Defendants received the citation and complaint no earlier than November 18, 2019 (ECF No. 14 at 15), the deadline to file a notice of removal was 30 days later—December 18, 2019. *See* FED. R. BANKR. P. 9026(a). Removing Defendants timely filed their Notice of Removal on December 17, 2019. Similarly, the Trustee received the citation and complaint on November 26, 2019, and the deadline was 30 days later—December 26, 2019. Trustee also timely filed a Notice of Removal. Thus, the Court agrees with the Bankruptcy Court and concludes Foster's Timeliness Motion was correctly denied.

Thus, as the Court has no definite or firm conviction that the Bankruptcy Court erred, the second issue on appeal is **OVERRULED**.

## CONCLUSION

The Court, having **OVERRULED** all of Foster's issues on appeal in this case, concludes that the Bankruptcy Court's Order on Jurisdiction is **AFFIRMED,** and the Order on Timeliness is also **AFFIRMED.**

**SO ORDERED** on this **18th day** of **January, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE